UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

HARVEY ROBERTS,

                 Petitioner,


                   **Hon. Hugh B. Scott**

          v.                 06CV774

                   (CONSENT)

BUREAU OF IMMIGRATION AND CUSTOMS
ENFORCEMENT,                   **Order**

               Respondent.


Before the Court is petitioner's Petition for Habeas Corpus relief (Docket No. 1). The parties consented to proceed before the undersigned as Magistrate Judge on February 21, 2007 (Docket No. 9).

## BACKGROUND

Petitioner, a native of Antigua and proceeding pro se, arrived in the United States in January 1986 on a B-2 visa (Docket No. 1, Pet. ¶¶ 6, 10). Petitioner was convicted of two counts of criminal sale of a controlled substance and one count of criminal possession of a controlled substance in the third degree[1] in July 1998, sentenced to a term of imprisonment of six to twelve years (id. ¶¶ 11, 12). He was ordered removed on May 25, 1999, which became final on November 4, 1999, and has been in respondent Bureau of Immigration and Customs Enforcement custody since May 15, 2006, at the Buffalo Federal Detention Facility in Batavia,

---

[1]The detention letter, Docket No. 4, Ans., Ex. 1, Ex. A, noted that petitioner also was convicted of petit larceny and attempted criminal possession of a controlled substance.

New York, and was picked up by agents of respondent when he was paroled (id. ¶¶ 1, 6, 10, 13).

Petitioner appealed the order of removal but the Board of Immigration Appeals dismissed his

appeal (Docket No. 4, Ans., Ex. 1, Faber Decl. ¶ 5).  He claims that he has cooperated with

respondent in its effort to remove him.  His status was reviewed on August 10, 2006, and he was

served with a written decision ordering his continued detention.  (Docket No. 1, Pet. ¶ 15.)

Petitioner filed his Petition on November 28, 2006 (Docket No. 1).  He argues that

respondent has been unable to remove him to Antigua or to any other country and Antigua has

not issued travel documents (id. ¶ 14).  Under Zadvydas v. Davis, 533 U.S. 678 (2001), petitioner

contends that he should not have been held beyond six months in detention while awaiting his

removal (id. ¶ 17) and believes the six month period was concluded on November 11, 2006 (id.

¶ 18).  Petitioner alleges a statutory violation under 8 U.S.C. § 1231(a)(6) and violations of his

substantive and procedural due process rights due to his continued detention (id. ¶¶ 20, 22-23,

25).

Petitioner's motion for leave to proceed in forma pauperis (Docket No. 2) was granted on

December 6, 2006 (Docket No. 3).  Respondent filed an Answer and Return on January 23, 2007

(Docket No. 4; see also Docket No. 5, Resp't Memo.), and petitioner responded by an affidavit

(Docket No. 8) and memorandum (Docket No. 7).  Respondent argues that petitioner has not set

forth any basis for this Court's review and this Court thus lacks jurisdiction over this case

(Docket No. 5, Resp't Memo. at 2).  The decision to release petitioner on parole is a discretionary

decision on the part of the District Director (id.).  Respondent argues that petitioner's detention

will not be indefinite but is dependent upon issuance of travel documents by Antigua (id.).

Petitioner has not presented evidence that Antigua will not issue travel documents and Antigua

has a record of providing like documents to others (id. at 2-3; see Docket No. 4, Ans., Ex. 1,

Faber Decl. ¶ 9).  Alternatively, if the Court finds that it does have jurisdiction to review this

Petition, respondent argues that petitioner's detention is constitutional because it has not been for

an unreasonable time (Docket No. 5, Resp't Memo. at 3).  Respondent contends that Zadvydas

does not require a release of every alien detained more than six months awaiting removal,

533 U.S. at 701 (id. at 5).  After six months, "an alien may be held in confinement until it has

been determined that there is no significant likelihood of removal in the reasonably foreseeable

future," id.  Respondent argues that petitioner bears the initial burden of demonstrating no

likelihood of repatriation and to show his eligibility for release (id. at 5-6, 8), see id.  Petitioner

has an affirmative duty to make efforts to secure travel documents (id. at 9).

Respondent states that in fiscal year 2004, the Bureau of Immigration and Customs

Enforcement ("ICE") removed 32 aliens to Antigua, in fiscal year 2005, 32 aliens were removed

to Antigua, in fiscal year 2006, 37 aliens were removed to Antigua (Docket No. 4, Ans., Ex. 1,

Faber Decl. ¶ 9).

In reply, petitioner states that he inquired about his travel documents from the Antiguan

consulate and the consulate reported that petitioner's papers were in process (Docket No. 7, Pet'r

Response at 2).  He emphasizes that six months has passed and therefore he ought to be released

(id. at 1, 2-3).

DISCUSSION

I.      Zadvydas and Duration of Detention

Here, petitioner seeks relief from his detention under Zadvydas, supra, 533 U.S. 678,

where the Supreme Court defined what constituted "reasonable time" for detention under

8 U.S.C. § 1231 beyond an initial ninety-day removal period. Congress has mandated the detention of criminal aliens (like petitioner) ordered removed. 8 U.S.C. § 1231(a)(2). The Attorney General is afforded ninety days in which to accomplish the removal and the alien may be detained for this period. Id. § 1231(a)(1)(A)-(B); see also id. § 1231(a)(6) (detention of convicted aliens pending removal). Under Zadvydas, the government can hold him only for up to six months as a presumptively reasonable period of detention following the initial ninety-day removal period. 533 U.S. at 701. The longer an alien like petitioner subsequently is detained, "what counts as the 'reasonably foreseeable future' conversely would have to shrink." Id.

Petitioner argues that he should have been released six months from the beginning of his detention, on May 15, 2006, contending that he should have been freed on November 11, 2006 (Docket No. 1, Pet. ¶ 18), although six months from May 15, 2006, was November 15, 2006. Regardless, the standard under Zadvydas is that the petitioner has to show that his continued detention is due to the reasonable belief that there is no significant likelihood of his removal in the foreseeable future.

Petitioner has not met that burden. Respondent has shown that Antigua has issued travel documents for other aliens and petitioner has not shown that Antigua would not issue such documents to him in the reasonably foreseeable future. Petitioner has made inquiries only weeks after the six-month period has expired (see Docket No. 8, Pet'r Aff. ¶ 1). Unlike the cases cited by petitioner in his Response (Docket No. 7, at 3), Antigua has not refused to issue petitioner travel documents, or has ambiguously answered when it would produce such documents, or failed to respond to ICE inquiries. Here, petitioner only presented his inquiry (and his correspondence regarding his status (see Docket No. 8, Pet'r Aff. Exs. C-I)) rather than the

4

efforts of ICE.  Furthermore, petitioner commenced this action weeks after the six months has run.

On the present record, the Petition for Habeas Corpus is **denied**.

II.     Certificate of Appealability

An appeal from a final order in a habeas corpus proceeding involving process issued by a state court requires a certificate of appealability before an appeal can be taken.  28 U.S.C. § 2253(c)(1)(A).  Under that statute "a certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right."  Id. § 2253(c)(2); see Miller-El v. Cockrell, 537 U.S. 322 (2003).  The claims raised by petitioner here do not make a substantial showing of the denial of a constitutional right.  Petitioner has failed to make a substantial showing of a constitutional violation to warrant a certificate of appealability.

<u>CONCLUSION</u>

For the reasons stated above, the Petition for Writ of Habeas Corpus (Docket No. 1) is **denied**.  A certificate of appealability will **not be issued** by this Court.  Pursuant to Fed. R. App. P. 22(b)(1), petitioner may request a circuit judge of the United States Court of Appeals for the Second Circuit to issue the certificate.  The Court Clerk is instructed to enter judgment in accordance with this Decision & Order and to close this case.

So Ordered.

_/s/ Hugh B. Scott_____
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       March 13, 2007